# In the United States Court of Federal Claims

No. 24-1608C
(Filed: March 11, 2025)
**NOT FOR PUBLICATION**

```
*************************************
TYRONE RITTER,                       *
                                     *
               Plaintiff,            *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
               Defendant.            *
                                     *
*************************************
```

## ORDER

The parties have jointly moved for issuance of Court-ordered notice of this action to "Damage Inspectors Program Specialists (Field Representative-Disaster Inspection) (position description number QZ8252 and K23007) who worked for [the Federal Emergency Management Agency ("FEMA")] from January 20, 2020" to the present day. *See* Motion at 1 (ECF 11). The purpose of notice would be to facilitate joinder by individuals "similarly situated" to Plaintiff in a collective action under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 201 *et seq*. The parties have also moved to stay the case as of the date notice issues. *See* Motion to Stay (ECF 12). Both motions are **GRANTED**.

I have set out the standards for FLSA collective action notice elsewhere:

Section 16(b) of FLSA entitles employees to bring claims on behalf of themselves and those who are "similarly situated." 29 U.S.C. § 216(b). Similarly situated individuals can choose to opt in to a FLSA case by submitting joinder notices. The statute also authorizes courts to facilitate joinder by issuing notice to similarly situated third parties. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989). But as this Court explained in *Valte v. United States*, the standards for determining whether to issue notice are unsettled. 155 Fed. Cl. 561, 566–73 (2021). Contrary to cases that have approached FLSA notice with inaccurate analogies to class action procedures, *see, e.g.*, *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), *mandamus granted on other grounds sub nom. Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), notice is a case-management device for ensuring orderly, voluntary

> joinder of individuals likely to be "similarly situated" to the original plaintiff. *Valte*, 155 Fed. Cl. at 573. "When a similarly situated group exists, early notice is likely to be consistent with FLSA and good case management practices — subject of course to the Court's discretion." *Id.* at 574 (citing RCFC 83(b) & 16(b)).
>
> For the Court to issue notice, Plaintiff must first show that he is likely to be "similarly situated" to the people who would receive the proposed notice. *Id.* at 574–75.

*Plaintiff No. 1 v. United States*, No. 19-1019C, 2022 WL 609445, at *1 (Fed. Cl. Feb. 10, 2022).

The parties have briefed their motion based on incorrect legal standards — in particular, by asking the Court to apply a two-step "conditional certification" procedure, and by asking the Court to issue notice without making factual determinations about who might be similarly situated to the Plaintiff. *See* Motion at 7–8, 12. This Court is of course obligated to identify and apply the correct legal standard even when the parties propose an incorrect one. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."); *see also Escobedo v. Ace Gathering, Inc.*, No. 23-20494, 2024 WL 5443121, at *4 (5th Cir. Sep. 30, 2024) (Oldham, J., dissenting from denial of rehearing en banc) ("[E]ven when litigants agree on misstatements of law, courts must be free to articulate the correct legal standard when deciding their cases.") (quoting Amanda Frost, *The Limits of Advocacy*, 59 Duke L.J. 447, 494 (2009)).

At the March 3, 2025 conference, the parties stipulated orally that Plaintiff and all the individuals who would receive the proposed notice had the same job and were subject to the same employment policies at the same time. Whatever the outer limits might be of the "similarly situated" standard for FLSA collective actions, it is presumably satisfied under those facts. *See Hoffmann-La Roche Inc.*, 493 U.S. at 170 (explaining that notice enables "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged ... activity"). For the same reason, it appears likely that the purposes of notice, *i.e.*, "timely opt-in by people entitled to proceed collectively, maintenance of orderly case deadlines, and supervision of communications about the case with potentially interested non-parties," will also be satisfied here. *Valte*, 155 Fed. Cl. at 573 (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 171–72, and *Briggs v. United States*, 54 Fed. Cl. 205, 206–07 (2002)). I therefore agree

- 3 -

to the parties' request for FLSA notice, so the Motion (ECF 11) is **GRANTED**. The parties are further **ORDERED** as follows.

The parties have represented that before FLSA notice can issue, the Court should enter a protective order allowing the government to disclose the names and the last known addresses, phone numbers, and e-mail addresses of similarly situated individuals to Plaintiff's counsel. The parties are **ORDERED** to jointly file a proposed protective order, or a status report on their efforts to agree, by **April 10, 2025**.

Within 14 days after entry of the protective order, Defendant is **ORDERED** to produce to Plaintiff's counsel a list containing the names and the last known addresses, phone numbers, and e-mail addresses of Damage Inspectors Program Specialists (Field Representative-Disaster Inspection) (position description number QZ8252 and K23007) who worked for FEMA from January 20, 2020 to the date of this Order.

Plaintiff's counsel is authorized to send notice, in the form attached to the Motion as Exhibit 1 (ECF 11-1), to all individuals whose names appear on the list produced by Defendant. Notice may be by first-class mail, e-mail, and text-message.

Individuals whose names appear on the list produced by Defendant shall, if they wish to join this case, return consent in the form attached to the Motion as Exhibit 2 (ECF 11-2), within 60 days after the date the notices are initially mailed.

The Motion to Stay (ECF 12) is **GRANTED**. After notice issues, the parties are **ORDERED** to notify the Court of the date of issuance within seven days.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge